**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE (K.S.),

              Plaintiff

v.

BRISAM CLINTON LLC D/B/A COMFORT INN, MK LCP RYE LLC D/B/A HILTON, BRE/PRIME MEZZ LLC D/B/A LA QUINTA INN & SUITES, LA QUINTA HOLDINGS INC., CHOICE HOTELS INTERNATIONAL, INC., WYNDHAM HOTELS & RESORTS, LLC, HILTON RESORTS CORPORATION, AND HILTON MANAGEMENT LLC,

              Defendants

CIVIL ACTION NO:1:23-cv-04032

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER A PSEUDONYM**

**INTRODUCTION**

Since 2003, the Trafficking Victims Protection Reauthorization Act ("TRVPA"), 18 U.S.C. § 1581, et seq. has provided victims of sex trafficking a civil remedy against *perpetrators* of criminal sex trafficking. In 2008, Congress intentionally expanded the scope of the TVPRA to reach those who—while not criminally liable under the TVPRA—have financially benefited from participation in a venture they know or *should know* engaged in criminal sex trafficking.

Sex trafficking occurs when a victim is caused to engage in a commercial sex act through force, fraud, or coercion. 18 U.S.C. § 1591. Thus, a sex trafficking victim who files suit under the TVPRA must disclose information of the utmost intimacy, including highly stigmatizing sexual information. Publicly revealing this information can cause a victim—who has already undergone unthinkable trauma—to suffer additional mental and emotional harm. Moreover, coming forward

1

with details of sex trafficking puts victims at potential risk for retaliation and harm from criminal traffickers and their affiliates. For victims who courageously come forward, courts routinely allow them to proceed under a pseudonym in public filings. The following is a sample of the many cases in which courts have permitted sex trafficking survivors to use a pseudonym in pre-trial public filings:

- *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, 2020 U.S. Dist. LEXIS 135494, at *32 (N.D. Cal. 2020).

- *A.D. v. Cavalier Mergersub LP*, No. 2:22-cv-095-JES-NPM, 2022 U.S. Dist. LEXIS 169979, at *3 (M.D. Fla. 2022).

- *A.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:21-cv-4935, 2022 U.S. Dist. LEXIS 162672 (S.D. Ohio 2022).

- *Doe v. G6 Hosp. LLC*, No. 4:22-CV-198-SDJ, 2022 U.S. Dist. LEXIS 119975, at *4 (E.D. Tex. 2022).

- *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851, at *5 (E.D. Va. 2020).

- *M.L. v. craigslist, Inc.*, No. 3:19-06153-BHS-TLF, 2020 U.S. Dist. LEXIS 250732, at *3 (W.D. Wash. 2020)

K.S. is a survivor of sex trafficking. She was repeatedly trafficked at Comfort Inn, La Quinta, and Hilton hotel properties in New York. (Plaintiff's Original Complaint ¶¶ 26, 37, 48). K.S. files this suit against Defendants who benefited from participating in a venture that trafficked her in those hotels. Due to the sensitive nature of the facts underlying her claims, K.S. requests leave to proceed under a pseudonym in public court filings and proceedings. K.S.'s request is

justified by her vital privacy interests and the risk that public disclosure of her identity would cause her to endure serious harm.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a) generally requires that the "title of the complaint must name all the parties." However, courts have the discretion to allow a party with special privacy concerns to proceed under a pseudonym. *Doe v. City of New York*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001). A plaintiff's interest in anonymity must be balanced against the public interest in disclosure and any prejudice to the defendant from allowing the plaintiff to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008). The Second Circuit has identified ten non-exclusive factors to guide courts in balancing the relevant interests:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;
2. whether identification poses a risk of retaliatory or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;
5. whether the suit is challenging the actions of the government or that of private parties;
6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
7. whether the plaintiff's identity has thus far been kept confidential;
8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;
9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190. A court need not address each factor or use any specific formula to weigh these factors as long as its conclusion is based on balancing the relevant interests. *Id.* at 191 n.4.

## ARGUMENT

The court should allow K.S. to proceed under a pseudonym because her interest in anonymity significantly outweighs the public interest in the disclosure of her identity, and K.S.'s use of a pseudonym would not cause any significant prejudice to Defendants.

### A.  Plaintiff has a strong interest in remaining anonymous in public filings.

K.S. has a compelling interest in remaining anonymous. Her claims involve matters that are highly sensitive and deeply personal. K.S. was repeatedly sexually exploited as the result of the fraud, force, or coercion used by her traffickers. A trafficking victim has a strong privacy interest in details of sexual exploitation and abuse. *See Doe v. Nygard,* No. 20 Civ 6501 (ER), 2020 U.S. Dist. LEXIS 151186, at *7 (S.D.N.Y. 2020) (allowing sex trafficking victim to proceed under a pseudonym).

Moreover, if her identity is publicly disclosed, K.S. risks significantly increased mental distress. The allegations that K.S. makes, which will be expanded on in this lawsuit, include her involuntary participation in sexual activity, which is highly stigmatizing. (Plaintiff's Original Complaint ¶¶ 26, 37, 48). K.S. fears stigma from her family, friends, future employers, and the public if she is identified by name in public filings. Given the widespread availability of docket filings on the internet, a plaintiff who is forced to publicly identity to very sensitive information may face "psychological harm from having this sensitive information made available to anyone with internet access." *A.D.*, 2020 U.S. Dist. LEXIS 163851, at *5 (citations and quotations omitted). The risk of harm to K.S. is particularly acute because she is a vulnerable plaintiff. Sex trafficking has a devasting impact on the psychological well-being of its victims. *See* Elizabeth M. Donovan*, Fight Online Sex Trafficking Act and Stop Enabling Sex Traffickers Act: A Shield for Jane Doe,* 52 CONN. L. REV. 85, 94-97 (2020) (citing studies showing pervasiveness and severity

4

of adverse psychological effects from sex trafficking). As a sex trafficking victim, K.S. has experienced and continues to experience mental and emotional distress. (Plaintiff's Original Complaint ¶ 107). Publicly linking her identity to the allegations of the horrific sexual exploitation she endured would risk retraumatizing her and exacerbating her mental and emotional distress.

Removing the identity of a sex-trafficking victim from public filings is also justified to protect the victim from the threat of retaliation and reprisal by traffickers and those connected to them. K.S. alleges that she was repeatedly subjected to sexual exploitation over an extended period across multiple locations. (Plaintiff's Original Complaint ¶¶ 26, 37, 48). The threat of retaliation from sex traffickers is a well-known problem. Indeed, the looming threat of retaliation against those who escape, especially those who report, is a tactic traffickers use to coerce victims into continued sexual exploitation. The issue is significant enough that Congress has added anti-retaliation provisions to the TVRPA specifically for sex trafficking perpetrators. 18 U.S.C. § 1595(d).  K.S. has an interest in anonymity to protect herself and her loved ones from the risk of retaliation from her traffickers or those connected to them.

**B. Public policy considerations support allowing Plaintiff to remain anonymous in public filings.**

These compelling interests of K.S. are not outweighed by the interests of the public because there is no significant public interest in the identity of a specific sex trafficking victim. There is, no doubt, a strong public interest in the problem of sex trafficking and how the law responds to that problem. However, allowing K.S. to use a pseudonym will not impair that interest. The only thing that would be shielded would be K.S.'s actual identity, which is not of specific relevance in the context of this case. Allowing a party to pursue under a pseudonym does not risk "obstructing the public's view of the issues joined or the court's performance in resolving them." *A.D.*, 2022 U.S. Dist. LEXIS 169979, at *11 (citations and quotations omitted). Public disclosure of the

identity of a specific sex trafficking victim is not "critical to the working of justice." *B.M.*, 2020 U.S. Dist. LEXIS 135494, at *32.

Indeed, public policy concerns strongly support allowing K.S. to seek justice, using a remedy crafted by Congress, without enduring undue mental distress or threat of reprisal. The public has an interest in protecting the well-being of victims who choose to come forward and pursue available legal remedies so that "other victims will not be deterred from reporting such crimes." S*ee Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). New York is one of many states that have enacted laws to protect the anonymity of sexual abuse victims, confirming the public policy in favor of allowing anonymity to incentivize victims to come forward. *See* N.Y. Civil Rights Law A § 50-b. Thus, the public interest supports—rather than outweighs—K.S.'s interest in anonymity.

### C. Allowing Plaintiff to remain anonymous in public filings would not cause significant prejudice to Defendants.

Finally, K.S.'s strong interest in not disclosing her identity is not outweighed by the risk of prejudice to Defendants. Numerous courts have recognized that allowing a trafficking victim to use initials in pre-trial public filings causes no significant harm to defendants. *S.Y. v. Choice Hotels Int'l,* No. 2:20-cv-118-JES-MRM, 2021 U.S. Dist. LEXIS 174121, at *21 (M.D. Fla. 2021) (finding little risk of prejudice to defendants from allowing victim to proceed using only initials); *B.M. v. Wyndham Hotels & Resorts, Inc.,* No. 20-cv-00656-BLF, 2020 U.S. Dist. LEXIS 135494, at *32 (N.D. Cal. 2020) (same). K.S.'s counsel intends to confer with the Defendants' counsel to make arrangements to allow for appropriate discovery and resolution of this case while protecting K.S.'s identity. K.S.'s counsel will provide K.S.'s full name and identifying information to Defendants, through their counsel, subject to an appropriate protective order. *See Doe*, 2020 U.S. Dist. LEXIS 151186, at *7 (finding no significant prejudice to defendants when the plaintiff's

counsel agreed to provide the plaintiff's identifying information to defense counsel, subject to an appropriate protective order). "Where a plaintiff's identity is known to the defendant, and the motion to proceed under pseudonym is made for the purpose of concealing the plaintiff's identity only from the public, there is little risk of unfairness to the defendant." *A.D.*, 2020 U.S. Dist. LEXIS 163851, at *6 (citations and quotations omitted).

## **CONCLUSION**

K.S.'s interests in maintaining her anonymity outweigh the public's and Defendants' countervailing interests. Therefore, K.S. respectfully requests that the Court grant her leave to proceed under a pseudonym in public filings in this litigation.

Dated: May 15, 2023

Respectfully submitted,

**LOCKS LAW FIRM PLLC**

JANET WALSH
jwalsh@lockslaw.com
622 Third Avenue, 7th Floor
New York NY 10017
Phone: 212-838-3333

*Pro hac vice* motions to be filed:

**PROVOST ★ UMPHREY LAW FIRM**

MATTHEW MATHENY
mmatheny@pulf.com
CHRIS KIRCHMER
ckirchmer@pulf.com
FABIANA BAUM
fbaum@pulf.com

350 Pine Street, Ste. 1100
Beaumont, TX 77701
Phone:  409/838-8881

7

**ANNIE MCADAMS, PC**

ANNIE MCADAMS
1150 Bissonnet
Houston, TX 77005
Phone:  713/785-6262
Fax:  866/713-6141
annie@mcadamspc.com