```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JANE DOE (K.S.),                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :        23-cv-4032 (LJL)
        -v-                                                        :
                                                                   :        MEMORANDUM &
BRISAM CLINTON LLC D/B/A COMFORT INN, MK                           :        ORDER
LCP RYE LLC D/B/A HILTON, BRE/PRIME MEZZ                           :
LLC D/B/A LA QUINTA INN & SUITES, LA QUINTA                        :
HOLDINGS INC., CHOICE HOTELS                                       :
INTERNATIONAL, INC., WYNDHAM HOTELS &                              :
RESORTS, LLC, HILTON RESORTS CORPORATION,                          :
AND HILTON MANAGEMENT LLC,                                         :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/17/2023

LEWIS J. LIMAN, United States District Judge:

  Plaintiff has filed a complaint under the pseudonym Jane Doe (K.S.) under the Trafficking Victims Protection Reauthorization Act ("TRVPA"), 18 U.S.C. § 1581 *et seq.*, seeking to hold Defendants, corporate entities who own or operate hotels, liable for the furtherance of sex trafficking. Dkt. No. 6. Plaintiff has filed a notice of motion to proceed under a pseudonym in all public filings and proceedings. Dkt. No. 4.

  The limited issue before the Court at this stage is whether to permit the filing of the complaint under the pseudonym and to permit the Clerk of Court to issue summonses to Defendants. Under Federal Rule of Civil Procedure 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and, if the summons is properly completed, "the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Second Circuit has held that the requirement to name names "cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). It has identified ten factors for courts to consider in determining whether the plaintiff's interest in anonymity outweighs the public interest in disclosure and the prejudice to defendant. *Id.* at 189–90.

  The Court will permit the filing of the complaint and the issuance of summonses to Defendants. Plaintiff represents that plaintiff "will provide K.S.'s full name and identifying information to Defendants, through their counsel, subject to an appropriate protective order." Dkt. No. 5 at 6. The litigation involves matters that are highly sensitive and of a personal nature.

K.S. alleges that she was repeatedly trafficked for sex at a number of hotels in this District. Dkt. No. 6 ¶¶ 26, 37, 48. Plaintiff also cites a number of similar cases in which plaintiffs have been permitted to proceed under a pseudonym for pretrial purposes on the understanding that the defendants will have access to the plaintiffs' personal information so that they can investigate the claims. *See B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020) (granting permission to proceed under a pseudonym for pretrial filings where plaintiff alleged that she was trafficked for commercial sex as a minor at hotels operated by defendants, agreed to reveal her identity to defendants for the limited purpose of investigating her claims once the parties entered into a protective order, and defendants did not oppose the motion based upon finding that plaintiff's need for anonymity outweighed the risk of prejudice to defendants); *see also A.R. v. Wyndham Hotels & Resorts, Inc.*, 2022 WL 17741054, at *1 (S.D. Ohio Dec. 16, 2022); *A.D. v. Cavalier Mergersub LP*, 2022 WL 4354842 (M.D. Fla. Sept. 20, 2022); *Doe (M.H.) v. G6 Hosp. LLC*, 2022 WL 2532489, at *2 (E.D. Tex. July 7, 2022); *S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 4167677, at *1 (M.D. Fla. Sept. 14, 2021); *A.D. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020), *order clarified*, 2020 WL 8639343 (E.D. Va. July 30, 2020). Notably, this is not a case in which the plaintiff has named an individual defendant as having engaged in matters of an intimate, sensitive, personal, and embarrassing nature, while making "accusations from behind a cloak of anonymity." *Doe v. Gong Xi Fa Cai. Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). This is enough to permit the service of the summonses.

The Clerk of Court is respectfully directed to issue the summonses requested by Plaintiff at Dkt. Nos. 7–14. The Court reserves decision on the motion at Dkt. No. 4.

SO ORDERED.

Dated: May 17, 2023
New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge