```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/08/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JANE DOE (K.S.),                                                  :
                                                                  :
                              Plaintiff,                          :
                                                                  :          23-cv-4032 (LJL)
         -v-                                                      :
                                                                  :          MEMORANDUM &
BRISAM CLINTON LLC D/B/A COMFORT INN, MK                          :          ORDER
LCP RYE LLC D/B/A HILTON, BRE/PRIME MEZZ                          :
LLC D/B/A LA QUINTA INN & SUITES, LA QUINTA                       :
HOLDINGS INC., CHOICE HOTELS                                      :
INTERNATIONAL, INC., WYNDHAM HOTELS &                             :
RESORTS, LLC, HILTON RESORTS CORPORATION,                         :
and HILTON MANAGEMENT LLC,                                        :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Court heard oral argument today on Plaintiff's motion for a protective order. *See* Dkt. No. 109. For the reasons stated on the record, the motion for a protective order is denied without prejudice to renewal by submission of a revised form of protective order consistent with this Order on or before September 18, 2023. This order memorializes and explains the Court's rulings stated during oral argument.

      Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Courts in this circuit have noted that, '[f]or purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined, specific and serious injury" will occur in the absence of such an order.'" *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (quoting *McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933, at *1 (S.D.N.Y. Jan. 4, 2012)). "Furthermore, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden." *Id.* (cleaned up). "[T]he moving party bears the burden of establishing good cause for such a protective order." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022) (quoting *Qube Films Ltd.*, 2015 WL 109628, at *2).

      First, Defendants object to Plaintiff's protective order on the grounds that it would prohibit them from public disclosure of Plaintiff's identity without imposing a reciprocal obligation on Plaintiff to keep her own obligation confidential. Defendants would have the Court order that Plaintiff "not publicly discuss the status of this matter or the underlying

allegations on social media or with any media outlet while the case is pending." Dkt. No. 114-1 at ECF p. 6. The Court will not restrict Plaintiff from exercising her rights to publicly disclose information about herself that she knows and obtained entirely independent of the discovery process. *See International Prods. Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (Friendly, J.) (holding that the Federal Rules did not authorize the court to restrict disclosure by litigants of their own information obtained other than through the court's processes). On the other hand, the protections that Plaintiff's form of protective order would provide her by protecting her identity must be premised on Plaintiff making a sufficient representation regarding the efforts that she has made to keep her identity confidential (and the success of those efforts, to the best of her knowledge) and her future intent with respect to keeping her identity confidential. A victim of sex trafficking who has kept the facts of that sex trafficking confidential has an interest in protecting such highly sensitive and personal information from public disclosure that is not forfeited by the fact of filing a lawsuit. *See Doe v. Baram*, 2021 WL 3423595 (S.D.N.Y. Aug. 5, 2021) (holding that minor victim of sex trafficking established good cause for a protective order). Plaintiff's form of protective order contains representations that "discovery in this case will involve confidential documents or information." Dkt. No. 109-2 at ECF p. 1. It does not contain any representations regarding the efforts Plaintiff has made to keep her identity confidentiality or her intent to keep her identity confidential going forward. The Court will only sign a protective order that contains such representations.

Second, Defendants object that Plaintiff's proposed protective order does not permit it to disclose Plaintiff's identity to governmental agencies and personnel without prior notice to Plaintiff and that such notice would interfere with Defendants' ability to conduct its investigation into Plaintiff's claims. The objection is well-founded. Plaintiff has failed to articulate any real threat to Plaintiff from the disclosure of Plaintiff's true identity to governmental agencies and personnel (who ordinarily are bound by their own obligations of confidentiality). The revised form of protective order shall permit Defendants to disclose Plaintiff's true identity to such agencies and personnel if such disclosure is "necessary to litigate any claims or defenses or to comply with any obligations or requirements, including law enforcement and law enforcement personnel." *See* Dkt. No. 114-1 at ECF p. 5.

Third, the parties agreed that Defendants may disclose Plaintiff's true identity, without notice to Plaintiff, to the persons identified in paragraph 8(c) of Defendants' proposed protective order. Dkt. No. 114-1 at ECF p. 4. Such persons are agents of Defendants and as such a breach by them of the obligations under the proposed protective order might well be considered a breach by Defendants.

Fourth, the parties agreed on language regarding the disclosure of the trafficker and trafficker's associates.

Fifth, the parties disagree on whether potential, anticipated, or actual fact witnesses and their counsel must be required to sign an undertaking before Plaintiff's true identity is disclosed to them. Plaintiff insists on that protection. Defendants ask for a carveout that would permit them to approach the Court *ex part*e if the requirement of an undertaking would hinder their ability to conduct an investigation towards their defense. Both parties present powerful arguments. The Court, however, is unable to decide whether Plaintiff has satisfied its burden

before Plaintiff's true identity and the identity of any traffickers and traffickers' associates have been provided to the Defense. Accordingly, the Court will reserve ruling on that issue. The Court proposed during oral argument, and the parties did not object, that the parties should submit a proposed protective order that requires an undertaking, with the understanding that the Court will further consider whether an undertaking should be required. Once the Court approves of the protective order, the identities of Plaintiff, the traffickers, and the traffickers' agents will then be exchanged. At that point, the Court will receive briefing on whether Plaintiff has satisfied its burden to require an undertaking, whether the Court should adopt Defendants' proposed procedure, or whether some other procedure could adequately balance the interests of Plaintiff in maintaining her confidentiality and of Defendants in putting on their defense. The Court recognizes that, by proceeding in this manner, it might temporarily be signing an order that reaches beyond what it ultimately concludes Rule 26(c) permits. However, the Court preliminarily concludes that such a temporary restriction on the Defendants' ability to conduct its defense investigation falls well within the Court's discretion and is a necessary prophylactic to ensure that the Court properly measures the competing interests of the Plaintiff in confidentiality and Defendants in presenting a defense.

Finally, the Court agrees that Defendants have sufficiently justified the designation of two categories of confidential documents, including a category identified as "attorneys' eyes only," but believes that the category as currently defined in Defendants' proposed protective order is overly vague and broad. The parties are directed to refine the language accordingly.

The Court also directs the parties' attention to a recent article by Eugene Volokh in Judicature, which highlights some of the non-substantive issues related to advancing a case under a pseudonym. *See* Eugene Volokh, *If Pseudonyms, Then What Kind?*, 107 Judicature 77 (2022–23). The parties are directed to discuss whether a different pseudonym should be used in this case going forward to militate against these issues.

The Clerk of Court is respectfully directed to close Dkt. No. 109.

SO ORDERED.

Dated: September 8, 2023
      New York, New York

_____
            LEWIS J. LIMAN
          United States District Judge