```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JANE DOE (K.S.),                                                   :
                                                                   :
                        Plaintiff,                                 :
                                                                   :         23-cv-4032 (LJL)
        -v-                                                        :
                                                                   :         ORDER
BRISAM CLINTON LLC D/B/A COMFORT INN, MK                           :
LCP RYE LLC D/B/A HILTON, BRE/PRIME MEZZ                           :
LLC D/B/A LA QUINTA INN & SUITES, LA QUINTA                        :
HOLDINGS INC., CHOICE HOTELS                                       :
INTERNATIONAL, INC., WYNDHAM HOTELS &                              :
RESORTS, LLC, HILTON RESORTS CORPORATION,                          :
and HILTON MANAGEMENT LLC,                                         :
                                                                   :
                        Defendants.                                :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Court has received the parties' proposed protective order. Dkt. No. 118-1. Paragraph 12 of that proposed protective order would have the Court order that "Plaintiff shall not disclose her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending." *Id.* at ECF p. 5. The parties have presented no authority for the proposition that the Court can order Plaintiff (even on consent) not to disclose her true identity or image or the fact that she has chosen to bring this lawsuit on pain of contempt. In signing a protective order, the Court has obligations to the public as well as to the parties.

      The Court would have no objection to an additional "whereas" clause along the lines of the language in Paragraph 12. Such a clause could provide in substance: "WHEREAS, Plaintiff represents that she has not previously disclosed in the public media her identity in relation to her trafficking allegations and, to the best of her recollection, has not disclosed her identity in relation to her trafficking allegations in a publicly available social media post," and further represents that, consistent with her privacy concerns, it is her intent not to disclose her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending. The whereas clause could also provide that the protections provided to Plaintiff in Paragraph 12 of the Protective Order will become inapplicable if Plaintiff discloses her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending.

      Accordingly, on or before September 22, 2023, the parties shall either (a) submit a

revised protective order eliminating the language in Paragraph 12 that Plaintiff keep her identity confidential or (b) in the alternative, provide authority for the relevant language in Paragraph 12 that establishes that the Court can enter such an order with respect to Plaintiff's disclosures.

SO ORDERED.

Dated: September 19, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge